MEMORANDUM OF DECISION
The plaintiff owns commercial real estate at 112 Spencer Street, Manchester, and in this tax appeal challenges the assessment of his property for the tax years 1995, 1996, and 1997.
The property was valued by the Town of Manchester in an October 1, 1990 valuation at a fair market value of $956,900 and assessed value (70% of fair market value) of $669,830.
The plaintiff at trial introduced expert testimony from a real estate appraiser that the property as of October 1, 1990, had a substantially lower fair market value of $550,000 (Exhibit # 2). The defendant introduced its assessment card (Exhibit # A) but no other evidence as to the property's value.
The plaintiff argued after the close of the evidence that it was entitled to an inference that the assessor's testimony would be unfavorable to the town. No such inference is created. "Because the burden of proving overvaluation rested on the plaintiff, the town was under no obligation to submit expert evidence in support of its evaluation." Sears Roebuck Co. v.Board of Tax Review, 241 Conn. 749, 756 (1997). The taxpayer bears the burden of establishing the impropriety of the assessor's evaluation. Xerox Corp. v. Board of Tax Review,240 Conn. 192, 204 (1997). The burden of proof is on the taxpayer who claims aggrievement to prove that the assessor's valuation is not the true and actual value of the property. Executive SquareCT Page 3817Limited Partnership v. Board of Tax Review, 11 Conn. App. 566,571 (1987).
The cases relied upon by plaintiff; Ireland v. Wethersfield,41 Conn. App. 421, 426 (1996); and Carol Management Corp. v.Board of Tax Review, 228 Conn. 23, 37 (1993); merely stand for the proposition that the court need not defer to the assessment; especially when there has been no testimony in support of it.
The plaintiff maintains the burden of proving that the actual value is not the assessed value. The plaintiff has failed to meet that burden.
The plaintiff's expert in October, 1996 was attempting to determine the property's value in October of 1990. He conceded the difficulty of that task.
The appraiser's income approach had no actual 1990 income or expense data. He relied on a generally applicable rental figure and 1995 expenses. This valuation is unpersuasive.
The replacement cost method was not based on any actual cost figures for the subject property which was constructed in 1989. The appraiser's calculation also involved a 15% "economic depreciation" of the entire property (including the land), despite the fact that the land had already been depreciated from its 1988, $280,000 acquisition cost. The plaintiff's appraiser conceded that the replacement cost approach was not the best approach for the subject property.
The appraiser relied most heavily on his sales comparison approach. However, two out of his three comparisons involved sales shortly following foreclosures of the properties. The first sales comparison, 1127 Tolland Turnpike, Manchester, was from the foreclosing corporation by quit claim deed to two of the parties whose interests were foreclosed. The sale took place June 18, 1992, after the May 20, 1992 foreclosure. The court does not accept this as an arms length transfer indicative of fair market value.
The second sales comparison (202 West Center Street, Manchester) was a sale by the Vernon Bank on September 30, 1991 after the bank foreclosed the property on July 5, 1991. The court finds that this sale is not the type of transfer that would clearly establish the fair market value of the property. CT Page 3818
The remaining comparable sale of 388 West Center Street, Manchester does not reflect any reduced value for the subject property. The property at 88 West Center Street was 3,556 square feet as opposed to 9,672 square feet for the subject premises. The sale price of $400,000 in November of 1990, is not disproportionate to the valuations of 112 Spencer Street at $956,900 in October of 1990.
Therefore, the plaintiff failed to meet its burden of demonstrating that the assessed value of its property is not the true and actual value.
The appeal is dismissed.
Robert F. McWeeney, J.